UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PATRICK A. CANNAVAN,

Plaintiff,

v.

NEWSOM, *et al.*,

Defendants.

Case No. 1:26-cv-06035-FJS (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS
(ECF No. 3)

ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL
(ECF No. 1)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE
(ECF No. 1)

FOURTEEN (14) DAY DEADLINE

Plaintiff Patrick A. Cannavan ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated on July 31, 2026. (ECF No. 1.)

I. SCREENING REQUIREMENT AND STANDARD

The court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

II. PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer R. Federico. Defendant Federico is sued in their individual capacity, and all other defendants are sued in their official capacities.

In the complaint, Plaintiff purports to bring claims pursuant to a combination of constitutional amendments, federal laws, and miscellaneous legal cases and theories. (*See* ECF No. 1 at 4–5.)

Although the complaint is otherwise difficult to decipher, it appears Plaintiff alleges that the events giving rise to his claims occurred from February 9, 2023, through July 14, 2026, but specifically during an incident that occurred on July 16, 2026, on G yard. (*Id.* at 5.) Plaintiff alleges that "[e]ach named person" on July 16, 2026, from 6:30 a.m. to 2:10 p.m. "actively colluded when Lamas took wheelchair leg supports off [Plaintiff's] wheelchair," in violation of the institution's policy that durable medical equipment shall not be taken by staff. Plaintiff alleges that he was coerced into using the inoperative wheelchair with missing or removed safety parts. While Plaintiff was using the wheelchair on July 16, 2026, from approximately 7:50 p.m. to 8:10 p.m., his feet got caught in the wheels, flipping the wheelchair and ejecting Plaintiff three or four feet onto the blacktop. This sent Plaintiff to the emergency room for 24 hours. MRI, CT, and x-rays were needed.

Plaintiff requested and then demanded the return of his durable medical equipment but was refused. Plaintiff alleges he was then punished for exercising protected conduct.

As relief, Plaintiff seeks implementation of legal training, creation of a gainful employment fund, and a variety of other punitive, injunctive, and monetary damages.

## III. DUPLICATIVE ACTION

### A. *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*")

On July 20, 2026, Plaintiff filed *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS (PC) ("*Cannavan I*").[1]

In the *Cannavan I* complaint, Plaintiff names as defendants: (1) Governor Gavin Newsom; (2) California Department of Corrections and Rehabilitation ("CDCR") Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer A. Lamas. Defendant Lamas is sued in their individual capacity, and all other defendants are sued in their official capacities.

The complaint is nearly identical to the complaint in the instant action, except Plaintiff has named Defendant Lamas as the sole individual-capacity defendant. Plaintiff again brings claims pursuant to a combination of constitutional amendments, federal laws, and miscellaneous legal cases and theories. The only factual allegations relate to the July 16, 2026, incident where Plaintiff alleges that Defendant Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. Plaintiff seeks identical relief. *Compare* (ECF No. 1 at 5), *with Cannavan I*, Compl., Doc. 1 at 5.

### B. Legal Standard

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

[1] The Court takes judicial notice of the files in that case. Fed. R. Evid. 201.

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

C. Discussion

The allegations in the complaint in *Cannavan I* are identical to the allegations in the complaint filed in the instant action. Both cases name the same official-capacity defendants; they differ only in the named individual-capacity defendant. In both cases, Plaintiff alleges that on July 16, 2026, Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names Defendant Federico, rather than Correctional Officer Lamas, in the instant action, Plaintiff does not include any factual allegations regarding Defendant Federico in the complaint. (*See* ECF No. 1.) To the extent Plaintiff believes he may state a claim against Defendant Federico that is also related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in his existing case, rather than attempting to bring a separate action.[2]

Based on this review, the court finds it appropriate to recommend dismissal of this action as duplicative of Cannavan *I*. Because of this recommendation, the court denies Plaintiff's motion to exceed page limits.

---

[2] The court further notes that Plaintiff filed nearly twenty other cases in the last week that may also be duplicative of *Cannavan I*. *See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06046-EPG; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

IV. MOTION TO APPOINT COUNSEL

Plaintiff includes a request for appointment of counsel in the complaint, arguing that appointment of counsel is appropriate in the context of his claims under the Americans with Disabilities Act. (ECF No. 1 at 32.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, however, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases filed almost daily by prisoners claiming protections under the Americans with Disabilities Act. These plaintiffs must also conduct legal research and draft pleadings without the assistance of counsel.

Furthermore, at this stage in the proceedings, the court cannot determine whether Plaintiff is likely to succeed on the merits. Given the court's recommendation that this action be dismissed as duplicative, the court cannot find that Plaintiff's claims are likely to succeed, in this action, on the merits. Finally, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.

V. ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action;

2. Plaintiff's motion to exceed page limits, (ECF No. 3), is DENIED; and
3. Plaintiff's motion for counsel, (ECF No. 1 at 32), is DENIED, without prejudice.

VI. RECOMMENDATION

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed as duplicative.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **August 5, 2026**

UNITED STATES MAGISTRATE JUDGE